UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MANINDER SINGH,

                    Plaintiffs,

         -against-                              CASE NO.  1:16-cv-02901-SJ-RER

ZORIA HOUSING LLC ET AL.,

                    Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
APPLICATION FOR AN AWARD OF ATTORNEY'S FEES**

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   SUMMARY OF FACTS ................................................................................... 1

III.  LEGAL STANDARD....................................................................................... 4

    A.    *Counsels' Application for Fees Contains Inadequate, Duplicitous, and Misleading Information* .............................................................................................................5

    B.    *Plaintiffs' Counsels' Work was Unnecessary, Excessive, and Duplicative* ................... 8

    C.    *Counsel Fails to Provide Adequate Information in Support of Excessive Billing Rates* 10

    D.    *The Attorneys' Fees Requested are Disproportionately High to the Amount of Recovery* ............................................................................................................... 11

IV.  CONCLUSION.............................................................................................. 12

**TABLE OF AUTHORITIES**

**CASES**

*Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ........................ 3, 4, 8

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) ................... 8

*Lewis v. Coughlin*, 801 F.2d 547, 577 (2d Cir. 1986)..................................................................... 4

*Luciano v. Olsten Corporation*, 925 F.Supp. 956 (E.D.N.Y. 1996) ........................................... 4, 9

*Ortiz v. Chop't Creative Salad Co. LLC*, 89 F.Supp. 3d 573 (S.D.N.Y. 2015)............................. 3

*Polk v. New York State Dept. of Correctional Services*, 722 F.2d 23, 25 (2d Cir. 1983).............. 8

*Soler v. G&U, Inc.*, 801 F.Supp. 1056 (S.D.N.Y. 1992) ........................................................... 3, 6

**STATUTES**

29. U.S.C. § 216(b) ....................................................................................................................... 3

## I.     PRELIMINARY STATEMENT

Plaintiff's counsel filed an affirmation of legal services seeking an award of attorney's fees and costs against defendants Zoria Housing LLC and Lakhi Zoria (hereinafter "defendants") in the amount of $36,800.00,[1] and expenses in the amount of $1,614.95.  (Doc. 43).

Defendants oppose plaintiff's counsel's application for attorneys' fees and costs, consistent with and supported by recent cases in this Circuit, on the grounds that: (i) the details of counsel's purported time expended are inadequate, inaccurate, duplicitous, and/or misleading; (ii) counsel's time expended was duplicative, excessive, unnecessary and includes hours spent on activities already performed and recycled from counsel's prior similar action, unnecessary litigation tactics, and unsuccessful activities; (iii) plaintiff's counsel fails to adequately support his hourly rate; and (iv) fee awards are typically well under the recovery obtained for the plaintiffs, not greater than the recovery, and in this instance, nearly three times the amount of recovery.

With respect to costs, the defendants object to plaintiff's counsel's request to recover the cost of the transcript dated June 6, 2017 on the grounds that such costs are not taxable under the rules of this Court, and the transcript was unnecessary and excessive.  Additionally, the defendants object to plaintiff's counsel's request for the cost of the "fee to Steven Bogart to create spreadsheet setting forth computation chart" on the grounds that no evidence of this fee and payment of the same was presented to the Court.

## II.     SUMMARY OF FACTS

This action was brought by plaintiff under the Fair Labor Standards Act ("FLSA") for defendants' alleged failure to pay overtime wages. Plaintiff commenced this action on June 6, 2016

---

[1] In his affirmation, Plaintiff's counsel does not expressly state the amount of his legal fees; however, Exhibit A purports to represent that he has exerted 92 hours of work in this matter, and he states in Paragraph 25 of his affirmation that his "usual and customary hourly rate for litigation such as this is $400.00 per hour."  $400 per hour multiplied by 92 hours amounts to $36,800.00.

by filing the Complaint ("instant action") (attached hereto as Exhibit A to the Declaration of Eric Su ("Su Decl.")). The instant action is plaintiff's third action against the defendants.

Plaintiff initially filed a lawsuit against the defendants in the United States District Court for the Eastern District of New York, Docket No. 15-cv-05237, seeking to recover unpaid overtime, underpayment of prevailing wages, and unpaid fringe benefits allegedly owed to plaintiff pursuant to the FLSA and New York Labor Laws ("NYLL") ("first action") (attached hereto as Exhibit B to the Su Decl.).  Plaintiff voluntarily dismissed the first action after defendants submitted their letter requesting a pre-motion conference to discuss the grounds upon which defendants intended to move to dismiss—specifically that plaintiff did not have a private cause of action for prevailing wages, which were subject solely to administrative proceedings before the New York City Housing Authority ("NYCHA"), and plaintiff could not maintain his overtime claims based on the prevailing wage rates that he sought to recover.  (Su Decl., ¶ 5).

Thereafter, plaintiff filed a subsequent action in state court, Queens Supreme Court Index #12443/15, alleging unpaid overtime wages and prevailing wages ("state court action") (attached hereto as Exhibit C to the Su Decl.). The defendants successfully moved to dismiss the state court action on the grounds that (i) plaintiff wholly failed to assert a cognizable claim under New York Labor Law ("NYLL"); and (ii) plaintiff's claims are subject to and governed by the labor standards dispute resolution provision of the pertinent NYCHA contract. (Su Decl., ¶ 6). Plaintiff appealed the dismissal of the state court action to the Appellate Division, Second Department.  (Su Decl., ¶ 8).  The parties are currently waiting for oral argument to be scheduled on the appeal; however, defendants are confident that the Appellate Division will affirm the decision to dismiss the state court action.  (Su Decl., ¶ 8).

Following the dismissal of the state court action, the plaintiff filed the instant action seeking relief solely under federal law to collect unpaid overtime wages. The instant action—which is limited to federal claims—is nearly identical to the first action filed; plaintiff simply deleted the second and third claims of the first action (which sought relief under state law) and other allegations relating to state law within the sections of the instant action labeled "nature of the action," "jurisdiction," "venue," and "the parties." *Compare* Exhs. A and B to Su Decl. The parties agreed to settle the instant action for $12,500.00 exclusive of attorney's fees. (Su Decl., ¶ 9).

Plaintiff's counsel paints a story that reflects that defendants unnecessarily took actions to defend against plaintiff's claims. The history of the three actions demonstrate that quite the opposite is true. Since the filing of the first action, the defendants and their counsel have zealously defended against plaintiff's claims, and in fact, were successful in obtaining dismissal of the first two actions and significantly narrowed plaintiff's claims for the third action.

It is apparent, however, that plaintiff's counsel overworked this case. Plaintiff's counsel made excessive efforts, which were sometimes unsuccessful, and billed time in excess to what was necessary to advance his case. For example, plaintiff initially requested a certificate of default but later stipulated to extend the time within which defendants had to file a responsive pleading to the Complaint. (Su Decl., ¶ 10; see also Doc. 14, Stipulation, attached as Exh. D to Su Decl.). Furthermore, on numerous occasions throughout discovery, plaintiff attempted to obtain information beyond the theory of relief requested in the instant action and sought prevailing wage records for employees that were not plaintiffs in the case. (Su Decl., ¶ 12). Such documents were not necessary for plaintiff to prosecute his claim as he pled a single theory of relief for overtime wages on behalf of himself only. (Exh. A to Su Decl., ¶ 3). Additionally, plaintiff's counsel

3

overused letter writing when e-mails and phone calls are generally a more expeditious manner of communicating. (Su Decl., ¶ 13).  Finally, plaintiff's counsel unnecessarily ordered the transcript from a status conference relating to discovery disputes. (Su Decl., ¶ 14).

Plaintiffs' counsel's request for attorneys' fees reflects nearly three times (2.94 times to be exact) of the total recovery in this case ($36,800.00 in attorneys' fees as compared with $12,500.00 total recovery). For the reasons set forth more fully below, plaintiff's counsel's request for attorneys' fees and costs should be denied, or in the alternative, significantly reduced in light of the particular facts and circumstances of this case.

III.   **LEGAL STANDARD**

An award of reasonable attorneys' fees and costs under 29. U.S.C. § 216(b) requires that the party requesting fees and costs be a prevailing party, in that the party must have obtained some of the relief on the merits of his claim. *See Soler v. G&U, Inc.*, 801 F.Supp. 1056, 1059 (S.D.N.Y. 1992). The applicant bears the burden of establishing entitlement to an award, which includes documenting the appropriate hours and maintaining accurate time records. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Recently, the Second Circuit has indicated its preference to abandon the term "lodestar" and acknowledged the trend is toward a percentage method for calculating attorney's fees, awarding attorney's fees in FLSA cases under either the lodestar method or the percentage method. *Ortiz v. Chop't Creative Salad Co. LLC*, 89 F.Supp. 3d 573, 590-91 (S.D.N.Y. 2015). Even if the Court is inclined to view this case under the "lodestar method" of awarding attorney's fees, the Court must scrutinize plaintiff's counsel's fee petition to ascertain the number of hours reasonably billed and then multiply that figure by an appropriate hourly rate. *Id.* The Court's determination of the amount of a reasonable fee requires a review of plaintiff's counsel's application and a computation of counsel's lodestar hours

4

reasonably expended multiplied by a reasonable hourly rate. *See Hensley,* 461 U.S. at 434.

    A.    *Counsel's Application for Fees Contains Inadequate, Inaccurate, Duplicitous, and Misleading Information*

At the outset, defendants challenge the entirety of plaintiff's counsel's time entries in Exhibit A on the grounds that such entries lack necessary detail to provide a basis for analysis. On numerous occasions, plaintiff's counsel records time spent for "conference with client," "L to counsel," "email to counsel," "email from counsel," "TC opposing counsel," "research," "review letter" and "TC client."   The narratives for these entries are unduly vague and nondescript, especially given the fact that plaintiff's state court action remained pending during the time period reflected in plaintiff's counsel's Exhibit A. Due to the insufficient narratives, it is impossible for the Court to determine: 1) whether the task was actually related to the instant action (as opposed to the first action or state court action), and 2) the reasonableness of the time devoted to each task.

Furthermore, the submission of time records reflecting counsel's hours expended must have been made contemporaneously with the associated work and is central to an application for attorneys' fees. *Lewis v. Coughlin*, 801 F.2d 570, 577 (2d Cir. 1986). Though counsel represents that time records included in plaintiff's counsel's Exhibit A were made contemporaneously with associated work, it is apparent that date(s) identified in performing such work within counsel's computerized billing records are inaccurate and were not made contemporaneously. For example, the time entry dated 2/27/17 indicates "Review L to Court."   Notwithstanding that this entry is vague, the docket does not reflect a letter to the court on this date.   Rather, it appears that the 2/27/17 entry refers to a document filed by defendants' counsel, a day later, on February 28, 2017. Likewise, plaintiff's counsel's time record reflects "Review L to court" on 3/13/17, however, no letter was filed with the court on or around this date.

Based on a review of counsel's time records in support of his application for fees, counsel's

entries are further duplicitous in that: (a) disingenuous representations are made concerning time spent on tasks that appear to not have been completed and/or related to the first action or state court action, and (b) the time it took counsel to perform the aforementioned task(s) is greatly overstated.

Plaintiff's counsel seeks an award of fees for three conferences with his client, on 4/20/15; 9/8/15; 9/13/15, respectively, all which occurred well in advance of the filing of the instant action. These conferences undoubtedly must have been related to the first action or the state court action given that they occurred in calendar year 2015, and the instant action was not filed until June 6, 2016. Additionally, it is disingenuous for plaintiff's counsel to argue that that these client meetings in 2015 were in preparation for the instant action given that plaintiff's counsel again met again with his client just five days before the instant action was filed, on June 1, 2016.

Furthermore, counsel for the defendants have compared a sample of plaintiff's counsel's entries to their own contemporaneous billing record and file. Counsel for the Defendants compared plaintiff's counsel's entries dated 4/20/15 to 11/22/16. (Su Decl., ¶ 15). The following summarizes defendants' counsel's findings that plaintiff's counsel entered time for work not performed (or the time was not entered contemporaneously) and/or plaintiff's counsel's time spent on communications with opposing counsel was greatly overstated.

- 8/2/16: Plaintiff's counsel billed 0.2 hours for "L to counsel for deft on default," however, defendants' counsel did not receive a letter from plaintiff's counsel dated 8/2/16. While plaintiff filed a request for certificate of default[2] and a supporting

---

[2] Furthermore, plaintiff's counsel should not recover his fees for the time spent in preparing the request for a certificate of default and an affirmation in support of the same because Plaintiff ultimately stipulated to allow defendants additional time to file a responsive pleading to the Complaint, and therefore, such efforts were unsuccessful.

affidavit on 8/2/16 (for which plaintiff's counsel separately billed 0.2 hours for each), defendants' counsel was unable to locate any supporting information related to a letter dated 8/2/16. (Su Decl., ¶ 15).

- 8/25/16: Plaintiff's counsel billed 0.5 hours for a series of emails to and from counsel; meanwhile, defendants' counsel billed 0.3 hours for the same series of emails. (Su Decl., ¶ 15).

- 9/20/16: Plaintiff's counsel billed 0.1 hours for "L to counsel," however, defendants' counsel is unable to locate a letter from plaintiff's counsel dated 9/20/16 and defendants' counsel did not record any time for review of said letter. While plaintiff filed initial disclosures on this date (for which plaintiff's counsel separately billed 0.7 hours), defendants' counsel was unable to locate any supporting information related to a letter dated 9/20/16. (Su Decl., ¶ 15).

- 9/27/16: Plaintiff's counsel billed 0.1 hours for "L to counsel," however, defendants' counsel is unable to locate a letter from plaintiff's counsel dated 9/27/16 and defendants' counsel did not record any time for review of said letter.

- 10/7/16: Plaintiff's counsel billed 0.6 hours for a series of emails to and from counsel; meanwhile, defendants' counsel billed 0.2 hours for the same series of emails.

- 10/11/16: Plaintiff's counsel billed 0.1 hours for "L to counsel," however, defendants' counsel is unable to locate a letter from plaintiff's counsel dated 10/11/16 and defendants' counsel did not record any time for review of said letter. (Su Decl., ¶ 15).

Based upon the comparison of the sample of entries, it appears that plaintiff's counsel either

routinely overstates or exaggerates the time spent on activities and bills more time than is reasonable for the work conducted by an experienced litigator, or he did not keep records contemporaneously, and instead reviewed his emails and file to create a record of time spent on the case after the fact.

Where accurate contemporaneous records have not been kept, the Court should not award the full amount requested. *Luciano v. Olsten Corporation*, 925 F.Supp. 956, 963 (E.D.N.Y. 1996). Therefore, even if counsel were able to prove that the computerized billing presented is based on contemporaneous records (which counsel has not), the records are so vague, inaccurate, nondescript, and excessive that they fail to permit defendants and the Court to analyze the necessity of the tasks and reasonableness of the particular time expended.

Accordingly, the Court should decline to award fees, or in the alternative, significantly reduce the fees requested by plaintiff's counsel.

B.      *Plaintiff's Counsel's Work was Duplicative, Excessive and Unnecessary*

A Court may reduce a fee for work that is excessive and/or duplicative. *See Luciano, supra,* 925 F.Supp. at 964-965. Here, there were no legal or factual complexities requiring the gratuitous number of hours for which plaintiff's counsel now seeks compensation at defendants' expense. Furthermore, as outlined above, the initial client meetings on 4/20/15; 9/8/15; and 9/13/15 are duplicate entries as they relate to the first action and/or state court action, and plaintiff's communications with defendants' counsel are grossly exaggerated.

Striking examples of additional needless excessive and unnecessary billing include: 1) throughout discovery, Plaintiff attempted to obtain prevailing wage information for employees other than the plaintiff despite the fact that plaintiff did not pursue class relief (Su Decl., ¶ 12); 2) plaintiff's counsel overused letter writing when e-mails and phone calls are generally a more

expeditious manner of communicating (Su Decl., ¶ 13); and 3) plaintiff's counsel unnecessarily ordered the transcript from a June 6, 2016 status conference relating to discovery disputes. (Su Decl., ¶ 14).  Pre-trial transcripts are not ordinarily taxable.  Local Rule of Civil Procedure for the Eastern District of New York 54.1(c)(1) provides:

> The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. ***The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.***

(emphasis added). In his affirmation, plaintiff's counsel argues that he ordered the transcript "to clarify the directions given by the Magistrate as to what documents defendant was to still produce." (Doc. 43, ¶ 24). However, plaintiff's counsel did not obtain advance authorization to tax the costs of the transcript of the status conference, and had plaintiff's counsel taken adequate notes, the transcript would not have been necessary.

Finally, plaintiff's counsel should not be permitted to recover for the time spent in seeking the certificate of default or in opposing defendants' motion to dismiss.  Plaintiff's time (0.6 hours) incurred on 8/2/16 relating to the request for certificate of default should not be awarded given that plaintiff ultimately entered into a stipulation extending the time for defendants to file a responsive pleading to the complaint. (Su Decl., ¶ 10).  Furthermore, defendants should not be required to pay plaintiff's counsel's fees for opposing the defendants' motion to dismiss (9.9 hours) because the defendants have a right to make meritorious motions in defense of the claims made against them.

As held by the U.S. Supreme Court in *Hensley* and supported by cases in this Circuit, plaintiff's counsel has failed to document and maintain accurate time records that would entitle him to the award sought.  Many of the hours counsel claims to have worked, as well as costs, are duplicative, excessive and unnecessary and should not form the basis of any fee award by this Court.

C.    *Counsel Fails to Provide Adequate Information in Support of Excessive Billing Rates*

In the Second Circuit, a district court should consider, among other factors, the prevailing rates in the district in which the court sits in order to determine the appropriate hourly rate for a fee award. *Polk v. New York State Dept. of Correctional Services*, 722 F.2d 23, 25 (2d Cir. 1983). The Court may then make appropriate adjustments based on twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

Defendants object to the hourly rate of $400 requested by plaintiff's counsel. A significant portion of the time contained within Exhibit A could have been performed by a well-organized paralegal, including: the revisions to the complaint to remove state law claims, the various letters to the court and counsel, and various email correspondences to defendants' counsel.

The issues in the instant case are not complex as it was a straightforward wage claim, did not present novel issues, and instead presented routine and repetitive recitations of claims recycled by counsel in the first action and the state court action.

As stated by the Court in *Luciano*, generally a rate of $200.00 per hour is considered reasonable in the New York metropolitan area, although the rate may be varied based on the demands of the case and the expertise of the individual. *See Luciano, supra,* 925 F.Supp. at 962. Furthermore, as evidenced by the fact that plaintiff's counsel had to "engage[ ] someone to create a computation chart" of basic damages in a straight forward single plaintiff wage and hour case indicates a lack of expertise to justify a $400.00 per hour rate. *See* Plaintiff's Affirmation of Legal Services at ¶ 16. To permit plaintiff's counsel to recover $400.00 per hour for recycled work and work that could have been conducted by a paralegal is unconscionable given the nature and extent of the underlying litigation.

Moreover, defendants should not be responsible for plaintiff's travel time as he was

consistently late to meetings and events.  For example, plaintiff's counsel was approximately one

hour late to the deposition of the defendant, and approximately a half hour late to the deposition

of the plaintiff.  (Su Decl., ¶ 16). Alternatively, travel time is routinely awarded at 50% of the

regular rate of the attorney.  *Hugee v. Kimso Apts., LLC*, 852 F. Supp. 2d 281, 302 (E.D.N.Y. Apr.

3, 2012) (collecting cases from the U.S. Supreme Court, Second Circuit and New York District

Courts).  Here, plaintiff's counsel has billed 12.6 hours of the 92 hours total (13.7%) as travel.

Thus, to the extent plaintiff's counsel is awarded fees for travel time, it should be reduced by half.

      D.    *The Attorneys' Fees Requested are Disproportionately High to the Amount of Recovery*

Defendants respectfully ask the Court to consider the fact that the attorneys' fees requested

are exorbitantly high as compared with plaintiffs' total recovery in this action. The plaintiff's total

recovery in this action amounts to $12,500.00. Counsel's request for attorneys' fees would amount

to an obvious windfall where counsel's law firm receives nearly three times times the amount

recovered by the plaintiff in a case where the majority of the action took place within the span of

one year, after defendant zealously defended against plaintiff's prior unsuccessful actions.

Plaintiff's counsel does not cite to any cases in support of his request for an award of attorneys'

fees that exceeds the plaintiff's recovery by nearly three times in such a brief and non-complex

case.

Accordingly, Defendants respectfully submit that a fee reduction is appropriate under the

circumstances.

      E.    *The Costs Requested Should be Disallowed or Reduced*

As stated above, plaintiff's counsel's request for the cost of the transcript of the June 6,

2017 transcript must be denied.  *See* Local Rules 54.1(c)(1). Furthermore, plaintiff's counsel

provides no receipts or documentation for the cost relating to the "fee to Steven Bogart to create

spreadsheet setting forth computation chart," and thus, defendants object to the cost as unsubstantiated by sufficient documentation as well as the fact that such costs are not taxable pursuant to Local Rule 54.1.

## IV.    <u>CONCLUSION</u>

For the above reasons, defendants respectfully submit that plaintiff's counsel's application for attorney's fees and costs be denied. Given the vague, inadequate, misleading, excessive and unnecessary entries associated with this case, there is no basis for an award calculated by multiplying a hypothetical reasonable hourly rate by a reasonable number of hours and as such, the lodestar approach is without proper foundation in this action. Instead, defendants' respectfully submit that plaintiffs' counsel's fees should be limited to a percentage of plaintiff's recovery set forth in a standard contingency fee agreement, such 33 and 1/3%, which is the amount identified in plaintiff's retainer agreement, or otherwise significantly reduced by the Court.

Dated: August 16, 2017                           FORD HARRISON LLP
       New York, New York

By: _____
      Eric Su, Esq.
      Jeffrey G. Douglas, Esq.
*Attorneys for Defendants*
60 East 42nd Street, 51st Floor
New York, NY  10165
Tel:  (212) 453-5900
Fax: (212) 453-5959

WSACTIVELLP:9305105.2