UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

№ 16-CV-02901 (SJ) (RER)

---

MANINDER SINGH,

Plaintiff,

VERSUS

ZORIA HOUSING LLC AND LAKHI ZORIA,

Defendants.

---

**REPORT & RECOMMENDATION**

November 17, 2017

---

**To The Honorable Sterling Johnson Jr.,
Senior United States District Judge**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiff Maninder Singh ("Singh" or "Plaintiff") brought this action against Defendants Zoria Housing and Lahki Zoria (collectively, "Defendants") for unpaid wages and overtime pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff submitted the current motion for attorney's fees following a settlement conference on July 19, 2017 where Defendants agreed to pay Plaintiff $12,500 to settle his claims. (Dkt. No. 43 ["Silver Aff."]). Defendants oppose the motion. (Dkt. No. 45 ["Def. Opp. Memo"]). Your Honor referred the motion to me for a report and recommendation. For the reasons stated below, I respectfully recommend that Plaintiff's motion for attorney's fees be granted in part, subject to a reduction, for a total of $22,195.45 in attorney's fees and costs.

## BACKGROUND

Plaintiff requests that the Court award him attorney's fees and costs following the settlement of their FLSA claims with Defendants on July 19, 2017. (Dkt. No. 51-1 ["Settlement Agreement"]). The FLSA allows plaintiffs to recover attorney's fees and costs in the event of successful wage protection claims. *See* 29 U.S.C. § 216(b). In this case, Plaintiff's counsel, Jonathan Silver, Esq., submits an affidavit and

contemporaneous time records detailing ninety-two billable hours. (Silver Aff.; Dkt. No. 43-1 ["Silver Time Records"]). Counsel states in his declaration that he has "been engaged during the last thirty-seven years in a general civil litigation practice including wage cases." (Silver Aff. ¶ 25). He states that he is a solo practitioner with experience in twenty wage cases and that he usually charges $400.00 per hour for similar litigation. (Silver Aff. ¶ 25-26). In total, Plaintiff seeks $36,800 in attorney's fees and $1,614.95 in costs. (Silver Aff. ¶ 24).

Defendants object to Plaintiff's calculation of fees and costs on a number of grounds. (Def. Opp. Memo). First, they argue that Plaintiff's counsel's time-record entries "lack necessary detail" to determine whether they were reasonable. (*Id.* at 5). They argue that Plaintiff's counsel "bills more time than is reasonable for the work conducted by an experienced litigator," including duplicative or unnecessary activities in his accounting. (*Id.* at 8). They argue Plaintiff has not met his burden to justify the hourly rate he seeks, that many tasks could have been performed by a "well-organized paralegal," and that the fee award sought is disproportionate to his client's. (Def. Opp. Memo at 12). Defendants submit that Plaintiff's counsel's fees should be limited to a percentage based on recovery or otherwise "significantly reduced" by this Court. (*Id.*).

## DISCUSSION

### A. <u>Attorney's Fees</u>

While there is no specific formula by which courts determine the reasonableness of attorney's fees, courts generally begin by multiplying the "the number of hours reasonably expended on the litigation ... by a reasonable hourly rate," *Gortat v. Capala Bros., Inc.*, 621 F. App'x 19, 22–23 (2d Cir. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). To determine the reasonableness of an attorney's hourly rate, the Second Circuit has directed courts to consider the variables of each specific case. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); *Barfield v. New York City Health and Hosps. Corp.*, 537 F.3d 132, 151-52 (2d Cir. 2008). In doing so, the district court "bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184. In *Arbor Hill*, the Second Circuit also instructed district courts to consider the factors such as the time and labor required, the novelty and difficulty of the questions, and the experience, reputation, and ability of the attorneys. *Arbor Hill*, 522 F.3d at 190 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)).

The party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness and the necessity of the hours spent and the rates charged. *See generally N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Contemporaneous time records that account for "the date, the hours expended, and the nature of the work done" must accompany requests for attorney's fees. *Koon Chun Hing Kee Soy & Sauce Factory Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568 (JG), 2012 WL 1414872, at 10 (E.D.N.Y. Jan. 20, 2012) (quoting *Carey*, 711 F.2d at 1148). The court must examine the particular hours, with an eye to the value to the client's case and to the work product resulting from the specific time expenditures. *See Lunday v. City of Albany*, 42 F.3d 131, 134 (2d Cir.1994) ("The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended.").

*i. The Hourly Rate*

To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175–76 (2d. Cir. 2009); *see also Arbor Hill*, 522 F.3d at 191 (stating that there is a rebuttable presumption that "a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally"). Courts have found that the prevailing hourly rates for partners in this district are between $300.00 and $400.00. *See, e.g.*, *Bond v. Welpak Corp.*, No. 15-CV-2403 (JBW) (SMG), 2017 WL 4325819 (E.D.N.Y. Sept. 26, 2017); *Encalada v. Baybridge Enters. Ltd.*, 612 Fed. App'x. 54 (2d Cir. 2015) (upholding a district court decision that "survey[ed] attorneys' fees decisions in [the Eastern District of New York in] contested FLSA fee applications ..., and found that the highest litigated reasonable rate in a simple FLSA case is $350."), *cert. denied*, 136 S. Ct. 1714 (2016). Here, Plaintiff's counsel requests an hourly fee of $400, the higher end of the scale for partners in the Eastern District of New York.

Despite the fact that Silver is a sole practitioner and not a partner, Silver's thirty-seven years of litigation experience is comparable to that of a partner in a law firm. The Court notes that while Silver has much general civil litigation experience, he acknowledges that FLSA claims are a smaller, but growing part of his practice and that he has "been involved in approximately twenty wage cases." (Silver Aff. ¶ 25). Silver is an experienced attorney, but does not specialize in FLSA claims and does not have the expertise to justify the hourly rate of $400.00 per hour. *See Ferrera v. Tire Shop Ctr.*, No. 14-CV-04657 (FB)(LB), 2016 WL 7626576, at 5 (E.D.N.Y. Oct. 14, 2016), *report and recommendation adopted*, No. 14-CV-4657, 2017 WL 27946 (E.D.N.Y. Jan. 3, 2017) (equity partner who exclusively prosecutes cases arising under the FLSA and associated state employment laws awarded $350.00 per hour); *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 52 (E.D.N.Y. 2015) (hourly fee for attorney with sixteen years of litigation experience and over 250 wage-and-hour cases was reduced from $400 to $350 per hour). Therefore, I respectfully recommend that Silver's hourly rate be reduced to $350.00 per hour.

*ii. Reasonable Hours*

In determining the presumptively reasonable rate for attorney's fees, the Court must next consider whether the time records submitted by Plaintiff's counsel reflect a reasonable expenditure of hours for this particular case. *See Lunday*, 42 F.3d at 134; *Jaramillo v. Banana King Rest. Corp.*, No. 12–CV–5649 (NGG)(RML), 2014 WL 2993450, at 1 (E.D.N.Y. July 2, 2014) ("[T]he court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation."). However, in reviewing fee applications, courts need not become "green-eyeshade accountants" expected to "achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Since it is sometimes "unrealistic to expect a trial judge to evaluate and rule on every entry in an application," a court may exercise its discretion and apply an "across-the-board" percentage cut "as a practical means of trimming fat from a fee application." *Carey*, 711 F.2d at 1146.

Plaintiff's counsel submitted a time-record listing ninety-two billable hours for a relatively straightforward FLSA claim. (*See*

Silver Time Records). Silver represents a single plaintiff in statutory claims of unpaid wages and overtime compensation solely under the FLSA. Plaintiff does not seek fees for state law claims under the New York Labor Law, which were included in a previous complaint. (Silver Aff. ¶¶ 9, 15).

Silver states that "the nature of this case presented quite unique and complicating factors," but provides little support for this claim beyond Defendants' choice to pursue the matter in litigation rather than settle early. (Silver Aff. ¶¶ 27-28). Silver cites Defendants' motion to dismiss (Dkt. No. 24 ["Defs.' Motion"]) as a "primary example" of complicating factors. (Silver Aff. ¶ 28). However, this motion raised similar issues to a motion to dismiss litigated by the parties in state court in which the Defendants prevailed. (*See* Silver Aff. ¶ 9; Dkt. No. 24-5; Dkt. No. 27 at 2). Thus, re-litigating the motion in this Court should not have been novel or overly complicated. Although settlement occurred after the close of discovery, there was limited motion practice and only two depositions taken in the year between the initial filing and the July 19, 2017 settlement. (*See* Silver Time Records). This hardly amounts to complex litigation.

As noted, Silver also represents the same Plaintiff against the same Defendants in a similar case in state court. (*Maninder Singh v. Zoria Housing LLC et al.*, Sup Ct, Queens County, Oct. 16, 2015, Greco, J., index No. 12443/2015). Although Plaintiff's claim in state court was dismissed by the Queens County Supreme Court on May 12, 2016, prior to the filing of the present federal claim, Plaintiff's counsel continues to represent Plaintiff in that matter on appeal. (Silver Aff. ¶ 12). However, Silver claims he has not included any hours spent on the state court case here. (Silver Aff. ¶ 14). Aside from the initial conferences that Silver had with Plaintiff regarding his circumstances, Silver's time records indicate that he began charging for this federal claim in June 2016, after the dismissal of the state law claim. (Silver Time Records at 1).

Defendants' counsel cite specific instances where they billed significantly less than Plaintiff's counsel for similar tasks and other instances where Plaintiff billed for letters that Defendants' counsel did not receive or bill their clients for reviewing. (Def. Opp. Memo at 7). The specific discrepancies that Defendants' have indicated suggest that Plaintiff did not spend a reasonable amount of time on discrete tasks. Defendants also argue that many of the tasks Plaintiff's counsel billed for could have been done by a paralegal. (*Id.* at 10). Defendants are correct that, "a court may reduce requested fees if the attorneys' documentation of their hours is vague, or if their requests reflect work that could or should have been completed by a paralegal or secretary." *Short v. Manhattan Apartments, Inc.*, 286 F.R.D. 248, 255 (S.D.N.Y. 2012).

In light of these facts, I respectfully recommend an overall one-third reduction in Plaintiff's hours. *See Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 214 (E.D.N.Y. 2014); *see also Mejia v. E. Manor USA Inc.*, No. 10–CV–4313 (NG), 2013 WL 3023505, at *9 (E.D.N.Y. Apr. 19, 2013) (recommending attorney's fees be reduced by one-third), adopted by, No. 10–CV–4313 (NG), 2013 WL 2152176 (May 17, 2013); *Vazquez v. Ranieri Cheese Corp.*, No. 07–CV–464 (ENV)(VVP), 2011 WL 554695, at *3 (E.D.N.Y.Feb.7, 2011) ("The Court has the discretion to reduce an unreasonable fee by a fixed percentage rather than attempt line-by-line reductions." (citing cases)). For example, in *Dajbabic*, "the billing records [were] not sufficiently informative to allow a meaningful evaluation of their reasonableness" and "some of the entries seem[ed] to be for matters that could have

been done at a much lower rate by counsel's law clerk or associate, or that should not have been billed by ANY professional staff." 995 F. Supp. 2d at 214. In that case, a partner's ninety-three reported hours were reduced by half. This case presents similar facts—the records lack sufficient detail for meaningful evaluation, they are contested by Defendants' records, and much of the work could have been completed by a paralegal. A one-third reduction in hours is therefore appropriate.

*iii. Travel Costs*

Of the ninety-two hours recorded by Plaintiff's counsel, 12.6 hours are listed as travel time. Plaintiff's counsel should not be compensated at a full billable rate for these hours. The Court notes that travel costs are typically compensated at 50% the attorney's hourly rate. *See Pennacchio v. Powers*, No. 05-CV-985 (RRM)(RML), 2011 WL 2945825, at 1 (E.D.N.Y. July 21, 2011) ("it is customary in this circuit to reduce attorney's fees by fifty percent for travel time"); *see generally Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 151 (2d Cir.2008) (upholding fee award that included travel time calculated at half usual hourly rate); *Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59 n. 2 (2d Cir.1996) (holding district court properly reduced fee award in part to reflect travel time). Based on an hourly rate of $350.00, these hours are then compensable at $175.00 per hour for a total of $2205.00 in travel time.

*iv. Award for Attorney's Fees*

I recommend a reduction of both the hourly rate and the total number of hours. The rate at which to compensate Silver should be reduced to $350.00 per hour and the non-travel hours should be reduced by one-third. Silver has claimed 79.4 hours, which the Court should reduce to 52.93 hours. Applying a rate of $350.00 per hour, this gives a total of $18,527.00. Adding $2205.00 (12.6 hours of travel time at $175.00 per hour) amounts to $20,732.00 in total for attorney's fees.

**B. <u>Costs</u>**

The FLSA also provides for an award of costs. *See* 29 U.S.C. § 216(b). Here, Plaintiff requests costs of $1,614.95—$400.00 for the filing fee, $156.00 for service of process, $150.00 to compensate Steven Bogart for creating a computation chart of Plaintiff's overtime claim, $595.93 for the deposition of Defendant, and $313.02 for the transcript of the proceeding on June 6, 2017. (Silver Aff. ¶ 24).

Defendants argue that the cost of the transcript and the cost of Steven Bogart's spreadsheet are unreasonable and not compensable. With regards to the transcript, Defendants' counsel cite 54.1 (c)(1) of the Local Rules of Civil Procedure for the Eastern District of New York which provides:

> The cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable. Convenience of counsel is not sufficient. The cost of a transcript of Court proceedings prior to or subsequent to trial is taxable only when authorized in advance or ordered by the Court.

The Court authorized both parties to order the transcript of the proceeding held on June 6, 2017 in a notice on June 12, 2017. Therefore, the Plaintiff can recover the cost of the transcript. The cost of Steven Bogart's spreadsheet, however, is not compensable. Plaintiff did not offer proof of work prepared by Steven Bogart or payment made to Mr. Bogart. The costs to be awarded are therefore $1464.95.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Plaintiff's motion for attorney's fees be granted in part. Plaintiff should be awarded $22,195.45 in attorney's fees and costs. This amount includes 52.93 hours (79.4 hours reduced by one-third) at a rate of $350.00, 12.6 hours at a rate of $175.00, and costs of $1464.95.

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: November 17, 2017
Brooklyn, NY